UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SECURITIES AND EXCHANGE COMMISSION,
        Plaintiff,

      - against -                      ECF Case

SAMUEL BANKMAN-FRIED,            No. 22 Civ. 10501 (PKC)
        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

COMMODITY FUTURES TRADING COMMISSION,
        Plaintiff,

      - against -                      ECF Case

SAMUEL BANKMAN-FRIED, FTX TRADING LTD.    No. 22 Civ. 10503 (PKC)
D/B/A/ FTX.COM, ALAMEDA RESEARCH LLC,
CAROLINE ELLISON, and ZIXIAO "GARY" WANG,
        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## THE GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION TO INTERVENE AND FOR A FULL STAY OF PROCEEDINGS

                                              DAMIAN WILLIAMS
                                              United States Attorney for the
                                              Southern District of New York
                                              Attorney for the United States
                                              of America.

Danielle M. Kudla
Samuel L. Raymond
Andrew Rohrbach
Nicolas Roos
Thane Rehn
Danielle R. Sassoon
Assistant United States Attorneys
    - *Of Counsel* -

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ........................................................................................... 1

**FACTUAL BACKGROUND** ............................................................................................... 2

    Overview of the Alleged Scheme ....................................................................... 2

    Procedural Posture ............................................................................................... 4

**ARGUMENT** ............................................................................................................................ 5

  I.    THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE ....... 6

  II.   THE PROPOSED STAY IS APPROPRIATE ................................................................. 7

    A.   Applicable Law ........................................................................................................ 7

    B.   Discussion ................................................................................................................ 8

        1.    The Extent of Overlap ............................................................................................. 8

        2.    Status of the Criminal Case .................................................................................... 9

        3.    The Plaintiffs' Interests ......................................................................................... 10

        4.    The Defendants' Interests ..................................................................................... 10

        5.    The Public Interest ................................................................................................ 11

        6.    The Interests of the Courts .................................................................................... 13

**CONCLUSION** ....................................................................................................................... 15

**PRELIMINARY STATEMENT**

The United States of America, by and through the United States Attorney for the Southern District of New York ("the Government"), respectfully submits this memorandum in support of its application (1) to intervene in the above-captioned cases (the "Civil Cases"), pursuant to Rule 24 of the Federal Rules of Civil Procedure, and (2) for a full stay in these matters, including a stay of all discovery, until the conclusion of the parallel criminal case, *United States v. Samuel Bankman-Fried*, 22 Cr. 673 (LAK) (the "Criminal Case").

Courts in this district frequently stay civil proceedings that have the potential to affect a criminal case. Here, all of the conduct that is at issue in the Civil Cases is also at issue in the Criminal Case, meaning that common issues of law and fact exist.[1] The stay sought by the Government will conserve this Court's time and resources, because the outcome of the Criminal Case is likely to have a significant impact on what issues are ultimately in dispute in the Civil Cases. Moreover, allowing discovery in the Civil Cases to proceed without restriction risks giving the defendant, Samuel Bankman-Fried, the tools to improperly obtain impeachment material regarding the Government's witnesses, circumvent the criminal discovery rules, and improperly tailor his defense in the Criminal Case.

Bankman-Fried's counsel has informed the Government that Bankman-Fried consents to the issuance of a stay in the Civil Cases. Counsel for Zixiao "Gary" Wang and Caroline Ellison, and counsel for the bankrupt estates of FTX Trading Ltd. ("FTX.com") and Alameda Research LLC ("Alameda"), have also indicated that they consent to a stay in the CFTC action.[2] The SEC

---

[1] As discussed below, the Criminal Case also includes certain factual and legal issues that are not directly at issue in the Civil Cases.

[2] Although Wang and Ellison were also sued by the SEC in a separate case before this

1

and CFTC have each informed the Government that they take no position on the request for a stay.

## FACTUAL BACKGROUND

The Civil Cases and the parallel Criminal Case both arise out of allegations that Samuel Bankman-Fried, the founder and majority owner of FTX Trading Ltd. ("FTX.com") and Alameda Research LLC ("Alameda"), used FTX.com and Alameda to engage in multiple overlapping fraudulent schemes to defraud multiple victims, including customers and investors of FTX.com, and lenders to Alameda.   The relevant factual allegations are set forth in Indictment 22 Cr. 673 (LAK) (the "Indictment") in the Criminal Case (attached hereto as Exhibit A), in the SEC's complaint against Bankman-Fried ("SEC Complaint") (ECF No. 1 in 22 Civ. 10501), and in the CFTC's amended complaint against Bankman-Fried, Wang, Ellison, FTX.com, and Alameda ("CFTC Complaint") (ECF No. 13 in 22 Civ. 10503).

### Overview of the Alleged Scheme

The Indictment alleges eight criminal counts against Bankman-Fried, which are described in the Indictment and in other filings and statements that have been made by the Government in court.   Counts One and Two of the Indictment allege that, from in or about 2019 through in or about November 2022, Bankman-Fried engaged in a scheme to defraud customers of FTX.com by misappropriating those customers' deposits and using those deposits to pay expenses and debts of Alameda, and to make investments.   Counts Three and Four allege that, during the same time period, Bankman-Fried also engaged in a scheme to defraud lenders to Alameda by providing false statements to those lenders regarding Alameda's financial condition.   Count Five alleges that Bankman-Fried participated in a conspiracy to commit commodities fraud by   misappropriating

---

Court, that case has now been resolved.  *See SEC v. Wang and Ellison*, 22 Civ. 10794 (PKC) (S.D.N.Y.) (Dkt. Nos. 15 and 16).

funds of FTX.com customers intended for use in swaps trading. Count Six charges Bankman-Fried with conspiracy to commit securities fraud, based on his participation in a scheme to defraud investors in FTX.com by providing them with false information regarding FTX.com's financial condition. Count Seven alleges that Bankman-Fried participated in a conspiracy to commit money laundering by engaging in financial transactions with the proceeds of the fraud on FTX.com customers, including transactions that were designed to conceal and disguise the nature, location, source, ownership, and control of those proceeds. And, Count Eight charges Bankman-Fried with a conspiracy to defraud the United States and to violate the campaign finance laws.

The SEC Complaint alleges two causes of action for securities fraud arising from Bankman-Fried's false statements to FTX.com's investors. These causes of action, and the factual allegations underlying them, substantially overlap with Count Six of the Indictment, in that both allege that Bankman-Fried made false statements to investors in FTX.com regarding the company's financial condition. (SEC Complaint ¶¶ 25-29, 47-54). The SEC Complaint also contains factual allegations that detail Bankman-Fried's misappropriation of customer deposits to pay expenses and debts of Alameda and to make investments. (SEC Complaint ¶¶ 30-46). These factual allegations, which are a component of how the SEC intends to prove its case against Bankman-Fried, also overlap essentially in their entirety with the facts underlying Counts One and Two of the Indictment.

The CFTC Complaint alleges two causes of action for commodities fraud arising from Bankman-Fried's misrepresentations to and scheme to defraud customers of FTX.com and other market participants, which substantially overlaps with Count Five of the Indictment. The Indictment and the CFTC Complaint both allege a fraudulent scheme that affected swaps trading by FTX.com customers and other market participants. The CFTC Complaint also contains

extensive allegations about Bankman-Fried's misappropriation of FTX.com customer deposits. (CFTC Complaint ¶¶ 73-81).   As with the similar allegations in the SEC Complaint, these factual issues substantially overlap with the factual allegations underlying Counts One and Two of the Indictment.

Procedural Posture

A grand jury sitting in this District returned the Indictment against Bankman-Fried on December 9, 2022.   Bankman-Fried was arrested in the Bahamas on December 12, 2022, and the Indictment was unsealed following Bankman-Fried's arrest.   On December 19, 2022, Zixiao "Gary" Wang, a co-founder and co-owner of FTX.com along with Bankman-Fried, entered a guilty plea to one count of conspiracy to commit wire fraud and one count of wire fraud, both arising from the scheme to defraud customers of FTX.com, as well as one count of conspiracy to commit commodities fraud, and one count of conspiracy to commit securities fraud.   Also on December 19, 2022, Caroline Ellison, the former CEO of Alameda, entered a guilty plea to conspiracy to commit wire fraud and wire fraud for the scheme to defraud FTX.com customers, conspiracy to commit wire fraud and wire fraud for the scheme to defraud Alameda lenders, and conspiracy to commit commodities fraud, conspiracy to commit securities fraud, and conspiracy to commit money laundering.   Both Wang and Ellison's guilty pleas were entered pursuant to cooperation agreements, in which they agreed to cooperate with the Government's investigation and prosecution, including by testifying if called to do so.

The SEC Complaint was filed on December 13, 2022.   On December 21, 2022, the SEC also filed a complaint against Wang and Ellison, alleging the same causes of action as in its

complaint against Bankman-Fried.  (*SEC v. Wang*, S.D.N.Y. 22 Civ. 10794).[3]   The CFTC filed an initial complaint against Bankman-Fried on December 13, 2022.   On December 21, 2022, the CFTC filed the CFTC Complaint, an amended complaint that also names FTX.com, Alameda, Wang, and Ellison as defendants.

## ARGUMENT

The Government's request to intervene and for a full stay should be granted.   If full-fledged civil discovery were to proceed at this time, there would be a risk of significant interference with the Criminal Case.   The stay requested would not prejudice any of the parties to the Civil Cases; would prevent the circumvention of important limitations on criminal discovery; and would preserve the Court's resources because many of the issues presented by the Civil Cases will be resolved in the Criminal Case.

In similar situations, courts in this Circuit have routinely entered a complete stay of civil proceedings, even where a defendant objects.  *See, e.g.*, *SEC v. Milton*, No. 21 Civ. 6445 (AKH), Dkt. No. 40 (S.D.N.Y. August 8, 2022) (granting government's motion for a full stay over defense objection); *SEC v. Sarshar*, No. 20 Civ. 6865 (GBD), Dkt. No. 35 (S.D.N.Y. June 3, 2021) (same); *SEC v. Blaszczak*, No. 17 Civ. 3919 (AJN), 2018 WL 301091 (S.D.N.Y. Jan. 3, 2018) (granting government's motion for stay of aspects of civil discovery that would constitute Jencks Act material, over defendant's objection); *SEC v. Tuzman*, No. 15 Civ. 7057 (AJN) (S.D.N.Y. Mar. 1, 2016) (same); *SEC v. Durante, et al.*, No. 15 Civ. 9874 (RJS) (S.D.N.Y. Mar. 23, 2016) (after government's initial motion for partial stay of discovery, fully staying discovery and proceedings in the matter); *SEC v. Shkreli, et al.*, No. 15 Civ. 7175 (KAM), 2016 WL 1122029, at *2-7

---

[3]  As noted, the SEC's action against Wang and Ellison has now been settled.

(E.D.N.Y. Mar. 22, 2016) (granting, over defendants' opposition, a full stay); *SEC v. One or More Unknown Purchasers of Securities of Global Indus., Ltd.*, No. 11 Civ. 6500 (RA), 2012 WL 5505738, at *3 (S.D.N.Y. Nov. 9, 2012) (granting government's request for full stay of discovery for six months over defendant's objection while criminal investigation was proceeding but prior to any criminal charge).

I.       **THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE**

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may intervene as of right in an action when the applicant "claims an interest relating to the property or transaction that is the subject of the action" and the applicant "is so situated that 'disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests. . . .'" Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact." The Government respectfully submits that its application satisfies both of these provisions given the effect these civil proceedings would have on the Criminal Case and the identity of claims and facts between the parallel actions.

As a general rule, courts "have allowed the government to intervene in civil actions—especially when the Government wishes to do so for the limited purpose of moving to stay discovery." *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992); *see also SEC v. Credit Bancorp, Ltd.*, 297 F.3d 127, 130 (2d Cir. 2002). The Government has a "discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988).

As an initial matter, intervention is warranted because the Government's interests in

upholding the public interest in enforcement of criminal law cannot be protected adequately by the existing parties in the Civil Cases, none of whom represent the Government's interests with respect to the investigation and enforcement of federal criminal statutes. *See Bureerong v. Uvawas*, 167 F.R.D. 83 (C.D. Cal. 1996) ("the Government's prosecutorial and investigative interest is not adequately protected by any of the civil parties . . . . Clearly neither the plaintiff or the defendants have this identical interest.").

Moreover, a trial in either of the Civil Cases in advance of a related criminal trial could impair or impede the Government's ability to protect its interests in the enforcement of federal criminal law. The Civil Cases and the related Criminal Case arise from the same alleged schemes. Holding a civil trial before a criminal trial would create the possibility that there will be two trials covering the same fraudulent acts. This raises the probability that witnesses will be unnecessarily burdened by having to testify twice. In light of those circumstances, the Government respectfully submits that its application to intervene should be granted.

## II. THE PROPOSED STAY IS APPROPRIATE

### A. Applicable Law

This Court has the inherent power to stay proceedings in the interests of justice pending the completion of a parallel criminal trial. *See Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal citations and quotations omitted). "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). When considering whether to grant a

stay, courts balance the following factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest.

*SEC v. Treadway*, No. 04 Civ. 3464 (VM) (JCF), 2005 WL 713826, at *2-3 (S.D.N.Y. March 30, 2005) (quoting *In re Worldcom, Inc. Sec. Litig.*, Nos. 02 Civ. 3288, 02 Civ. 4816, 2002 WL 31729501, at *4 (S.D.N.Y. Dec. 5, 2002)); *see also Volmar Distrib., Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (listing similar factors). "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." *Id.*

**B. Discussion**

Application of these factors here overwhelmingly weighs in favor of the stay sought by the Government.

*1. The Extent of Overlap*

That the criminal and civil cases involve nearly identical facts and issues weighs heavily in favor of a stay. "The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." *Volmar Distrib.*, 152 F.R.D. at 39 (citing Judge Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989)); *see also Tuzman*, No. 15 Civ. 7057 (AJN), Dkt. No. 43 at 3 (noting that "substantial overlap between the civil and criminal proceedings" weighs in favor of stay); *Parker v. Dawson*, No. 06 Civ. 6191 (JFB), 2007 WL 2462677, at *4 (E.D.N.Y. Aug. 27, 2007); *United States v. One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("Where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all

discovery in the civil case until disposition of the criminal matter.").

Here, all of the facts at issue in the Civil Cases are also at issue in the Criminal Case. Indeed, as to the scheme to defraud FTX.com customers, the scheme to defraud FTX.com investors, the conspiracy to commit securities fraud by materially misleading FTX.com investors, and the conspiracy to commit commodities fraud by misappropriating FTX.com customer funds intended to be used for swaps trading, virtually all of the same documents, witnesses, and other evidence that would be used by the SEC and CFTC to prove their claims arising from these schemes would also be used to prove the Government's criminal case.

It is true that, as noted above, the Criminal Case also includes additional charges of money laundering and campaign finance violations, which are not specifically alleged in the Civil Cases. But the fact that the Criminal Case applies to a somewhat broader scope of conduct than the Civil Cases should not affect the decision to stay the Civil Cases where there is "substantial overlap between the civil and criminal proceedings." *Tuzman*, No. 15 Civ. 7057 (AJN), Dkt. No. 43 at 2-3 (ordering a partial stay of discovery, over opposition, notwithstanding that some fraudulent conduct charged in the civil case was not referenced in the criminal indictment). That is not surprising given that, even if one case is broader than the others, the issue relevant to whether a stay is appropriate is the same: whether it is likely that substantially the same set of facts would have to be proven twice in two different proceedings, draining resources from the courts and from the Government, and inconveniencing witnesses. *See, e.g.*, *Shkreli*, 2016 WL 1122029, at *4; *Tuzman*, No. 15 Civ. 7057 (AJN), Dkt. No. 43 at 3. Here, that is unambiguously the case.

### 2. Status of the Criminal Case

The return of an indictment in the criminal case is also a factor that weighs in favor of a stay. *See Tuzman*, No. 15 Civ. 7057 (AJN), Dkt. No. 43 at 3. "[T]he strongest argument for

9

granting a stay is where a party is under criminal indictment." *Shkreli*, 2016 WL 1122029, at *5 (quotation and citation omitted). Indeed, "[t]he weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment." *In re Par Pharm, Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990). As the court explained in *Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al. v. Transworld Mechanical, Inc.*:

> A stay of a civil case is most appropriate when a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved.

886 F. Supp. 1134, 1139 (S.D.N.Y. 1995). Thus, this factor also militates strongly in favor of a stay.

### 3. *The Plaintiffs' Interests*

Both the SEC and the CFTC take no position on this Motion. Therefore, there can be no argument that there would be prejudice to the plaintiffs by staying the Civil Cases. *See Shkreli*, 2016 WL 1122029, at *5 (citing cases).

### 4. *The Defendants' Interests*

Bankman-Fried has indicated his consent to a stay in both of the Civil Cases. And the other defendants in the CFTC case, Wang, Ellison, and FTX.com and Alameda, have also indicated their consent to a stay. With respect to the defendants who are also defendants in the Criminal Case, granting a stay of the Civil Cases to permit the Criminal Case to proceed to its conclusion would actually inure to their benefit, since a stay will permit them, for now, to avoid making the choice between, on the one hand, being prejudiced in the Civil Case by the adverse inference that would result from their assertion of their Fifth Amendment rights, and, on the other, being

prejudiced in the Criminal Case if they waive their Fifth Amendment rights and participate in discovery in the Civil Cases. Therefore, there can be no argument that the defendants would be prejudiced by a stay in the Civil Cases.

### 5. *The Public Interest*

The public interest weighs heavily in favor of the stay proposed by the Government. As an initial matter, there is a public interest in ensuring that members of the public who would serve as witnesses in the Civil Cases and the Criminal Case are not put to the expense and inconvenience of being called multiple times to testify regarding these matters. Allowing the Criminal Case to conclude before discovery proceeds in the Civil Cases serves this interest, because the outcome of the Criminal Case may render certain civil discovery unnecessary or streamline it such that witnesses may not be required to testify again.

More importantly, the Government and the public have an important interest in ensuring that Bankman-Fried does not use civil discovery or motion practice in the Civil Cases to circumvent the well-founded restrictions that pertain to criminal discovery. Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act provide that in criminal cases, the statements of Government witnesses shall not be the subject of discovery "until said witness has testified on direct examination" at trial, 18 U.S.C. § 3500.

The restrictions on criminal discovery that exist under the Federal Rules are designed to preserve the truth-seeking functions of the criminal process by restraining the ability of criminal defendants to tailor testimony, suborn perjury, manufacture evidence or intimidate witnesses. *See United States v. Percevault*, 490 F.2d 126, 129 (2d Cir. 1974) (noting that the Jencks Act, 18 U.S.C. § 3500, "represents a legislative determination that access to a witness' statements could be useful in impeaching a witness but was not intended to be utilized in preparation for trial");

11

*United States v. McCarthy*, 292 F. Supp. 937, 942 (2d Cir. 1968) ("The claimed need to see such statements in advance in order to prepare to rebut them is little more than open notice of an intention to tailor testimony to fit the statement."); *SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008) (the criminal rules were "purposefully limited so as to prevent perjury and manufactured evidence, to protect potential witnesses from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment").

Civil discovery in the SEC action or the CFTC action could require the disclosure of witness statements. To that end, courts in this district have repeatedly endorsed limitations on civil discovery in recognition of the fact that a civil litigant should not be allowed to use civil discovery to avoid the restrictions that would otherwise apply in criminal discovery to a criminal defendant. *See SEC v. Beacon Hill Asset Management LLC*, No. 02 Civ. 8855 (LAK), 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in granting government's motion to stay, court noted: "The principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases."); *Phillip Morris Inc. v. Heinrich*, No. 95 Civ. 328 (LMM), 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (granting stay motion because if "civil discovery is not stayed, the criminal investigation will be prejudiced, as the Defendants may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules."); *Bd. of Governors of the Federal Reserve System v. Pharaon*, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("'A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial.'" (quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1952))); *Nicholas*,

569 F. Supp. 2d at 1070 (the criminal rules were "purposefully limited so as to prevent perjury and manufactured evidence, to protect potential witnesses from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment"). Indeed, the rationale underlying a stay is even stronger in an indicted matter, given that a defendant in a charged criminal case will likely invoke his Fifth Amendment rights in the civil case and not participate in the very discovery process he seeks to use affirmatively. *See, e.g., SEC v. Chakrapani*, Nos. 09 Civ. 325 (RJS), 09 Civ. 1043 (RJS), 2010 WL 2605819 (S.D.N.Y. June 29, 2010) (inviting the Government to renew its motion to stay discovery if the defendant intends to invoke the Fifth Amendment if noticed for a deposition); *Nicholas*, 569 F. Supp. 2d at 1070 (noting when granting full stay that "[t]he specter of parties and witnesses invoking their Fifth Amendment rights would render discovery largely one-sided; the SEC would produce scores of documents and witness testimony only to be precluded from gathering reciprocal discovery from the defendants").

Therefore, in order to avoid circumvention of criminal discovery restrictions, including the provisions that are designed to prevent defendants from tailoring their testimony, and because the defendant will not be prejudiced in preparing and defending himself, this factor weighs in favor of the Government's application.

### 6. The Interests of the Courts

Considerations of judicial economy also weigh in favor of granting a stay. Courts have a strong interest in the efficient resolution of both the criminal and civil cases. Issues common to both cases can be resolved in the criminal proceeding, thereby simplifying related civil actions. *See SEC v. Contorinis*, No. 09 Civ. 1043 (RJS), 2012 WL 512626, at *2 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a

criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding"); *SEC v. One or More Unknown Purchasers of Secs. of Global Indus., Ltd*, 2012 WL 5505738, at *4 (S.D.N.Y. Nov. 9, 2012) ("[T]he Civil Case is likely to benefit to some extent from the Criminal Case no matter its outcome."); *Twenty First Century Corp.*, 801 F. Supp. at 1010-11 (recognizing judicial economy as a factor to be considered). Because the outcome of the Criminal Case could directly affect the conduct, scope, and result of the Civil Cases, this factor favors the Government's application.

*          *          *

In sum, and as set forth above, there is considerable overlap between the parallel proceedings; charges have been filed in the Criminal Case; there is no prejudice to the parties from the requested stay; there is a strong public interest in preventing the civil discovery rules from being used to improperly obtain discovery in the criminal case; and judicial economy is ensured by the requested stay. Therefore, the balance of factors overwhelmingly favors the requested stay.

## **CONCLUSION**

For the reasons set forth above, the Government respectfully requests that its application for a full stay be granted.

Dated: New York, New York
       February 7, 2023

                              Respectfully submitted,

                              DAMIAN WILLIAMS
                              United States Attorney

By:     /s/   Thane Rehn
                Danielle M. Kudla
                Samuel L. Raymond
                Andrew Rohrbach
                Nicolas Roos
                Thane Rehn
                Danielle R. Sassoon
                Assistant United States Attorneys
                One Saint Andrew's Plaza
                New York, New York 10007
                Telephone: (212) 637-2354